[No. B145666. Second Dist., Div. Eight. May 28, 2002.]

ALICE JONES, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

## COUNSEL

B. Kwaku Duren for Plaintiff and Appellant.

Lloyd W. Pellman, County Counsel, Louis V. Aguilar, Assistant County Counsel, and Johanna M. Fontenot, Principal Deputy County Counsel, for Defendant and Respondent.

## OPINION

**COOPER, P. J.**—This appeal presents the issue of whether defendant and respondent County of Los Angeles (County) was the employer of plaintiff and appellant Alice Jones at the times she complains of workplace mistreatment. Ms. Jones, a secretary for the superior court, appeals from the summary judgment entered in favor of the County; the trial court decided the superior court and not the County was her employer. Agreeing that the County was not plaintiff's employer during the time period relevant to this lawsuit, we shall affirm the summary judgment.

### PROCEDURAL HISTORY

### *Federal lawsuit against superior court*

Plaintiff filed a complaint in United States District Court in which the superior court as well as the County was apparently named as defendant.[1]

---

[1]This information is in a declaration filed by plaintiff in opposition to the County's motion for summary judgment, as well as the federal court's order dismissing her third amended complaint.

Following the dismissal of her first three complaints, plaintiff filed a third amended complaint in federal court against the Superior Court of Los Angeles. Defendant Los Angeles Superior Court's motion to dismiss plaintiff's federal complaint was granted with prejudice in July 2001, for plaintiff's repeated failure to allege well-pled facts.

### *The original and first amended complaints*

In her initial complaint in this action, filed September 17, 1999, plaintiff named both the County and her supervisor, "individually and as a supervisor," as defendants. That verified complaint pleaded continuing harassment in employment, retaliation for complaints of discrimination in employment and/or applying for medical disability, intentional and/or negligent infliction of severe emotional distress, breach of implied in fact agreement, breach of the covenant of good faith and fair dealing, and defamation of character.

The operative first amended complaint (FAC) named only the County and Does as defendants. The FAC pleaded continuing harassment in employment and retaliation for complaints of discrimination in employment. Plaintiff alleged she had been an eligibility worker for the County's department of public social services (DPSS) from May 1974 until November 1990. During that employment, about June 18, 1986, she suffered an industrial injury that resulted in work restrictions, issued October 1990, precluding her from returning to her employment with DPSS. Paragraph 6 of the FAC alleged: "Because the County's Department of Public Social Services could not offer plaintiff any employment other than a 'demotion' into the Clerical Series, [*sic*] plaintiff chose to be 'rehabilitated' and thereafter applied for *a transfer to the Superior Court of Los Angeles County* in November 1990 as a Secretary II, and was assigned to the Juvenile Dependency Court's Mediation Department." (Italics added, boldface deleted.)

The events that form the gravamen of the FAC all allegedly occurred during her employment after her "transfer" to the superior court. The first cause of action (continuing harassment in employment) pleaded that "defendant County was, and is, an employer within the meaning of California Government Code § 12926(c) and, as such, was prohibited from allowing, ratifying, encouraging, or condoning retaliation and/or harassment of the employees by co-workers and/or supervisors in its employment locations" (first cause of action.) As to the second cause of action (retaliation for claims of harassment), plaintiff was alleged to be "at all times material hereto an employee of the County of Los Angeles" and was alleged to have been retaliated against and harassed "while employed by the County defendant . . . ."

The County alleged 15 affirmative defenses, including that plaintiff "was not an employee of defendant County of Los Angeles during the complained of incident such that he or she qualifies for protection under the FEHA." The other affirmative defenses included allegations going to the merits, such as "County of Los Angeles exercised reasonable care to prevent and correct promptly any harassing behavior" and "Plaintiff did not meet the promotional requirements for the position sought." The County Counsel represented defendant County.

### The County's motion for summary judgment

The County's motion for summary judgment or in the alternative summary adjudication (MSJ) was based on the County's not being plaintiff's employer, as well as other grounds. The County's separate statement of undisputed material facts relied on the following five facts to establish that the County is not plaintiff's employer and the superior court is:

"1. Plaintiff began employment with the Superior Court in November of 1990 as a Secretary II.

"2. Prior to accepting employment with the Superior Court, plaintiff was employed with the County of Los Angeles from 1974 to 1990 as an eligibility worker for the County's Department of Public Social Services.

"3. When plaintiff was appointed to the Superior Court in November of 1990, she signed papers acknowledging that she was a Superior Court employee with 'at will' status.

"4. Additionally, plaintiff signed papers stating that 'as provided by Government Code § 19894.1, I understand that as a Los Angeles Superior Court employee, I serve at the pleasure of the Court and that my continued employment is at its discretion.'

"5. The Superior Court, as plaintiff's employer, has the exclusive right to control the duties of plaintiff. From 1990 to the present, plaintiff Alice Jones was supervised by Superior Court personnel."

The declaration of the assistant director of human resources for the superior court supported those facts. In addition, plaintiff's charges filed with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission (EEOC) listed her employer as

"The Superior Court/Los Angeles." However, we note that the employee orientation checklist signed by plaintiff in November 1990 attesting to her at-will employment "as a Los Angeles Superior Court employee" and stating she was "accepting employment with the Superior Court" set forth in the letterhead at the top of the page: "*County Clerk/*Executive officer of the Superior Court." (Italics added.)

Plaintiff's opposition "disputed in part" facts 3 to 5, adding: "When Plaintiff was hired she also understood that the 'transfer' to the Superior Court did not forfeit her County employment rights, wages, benefits, and seniority as a County employee" Moreover, relying on her counsel's declaration and accompanying exhibits, responding to fact 5, plaintiff stated: "Court employees 'deemed' employees of County."

In addition, plaintiff added her own "undisputed facts" 5(a) and (b), supported by the declaration of her attorney and her own declaration:

"(a) The Task Force on Trial Court employees was established by Government Code Section 77600-77606. One of the primary duties was to *'complete a survey . . . regarding court employees status, classification, and salary.'* Its final Report was not due until June 1, 1999." (Italics and underscoring in original.)

"(b) Plaintiff's belief that she was a County employee was not unreasonable, given the lack of clarity re: the relationship between Court employees and their status as 'joint County employees.' "

Various exhibits were filed in opposition to the MSJ. Attached to plaintiff's declaration was a letter dated April 11, 1994, from the County/DPSS Personnel Division explaining various of her benefits, including that "at the time you *transferred from DPSS to Superior Court,* this [vacation and sick] time was inadvertently omitted from the time balances forwarded to Superior Court." The same letter again later referred to her "*transfer to* Superior Court." (Italics added.) A letter dated November 9, 1994, with a letterhead from the administratively unified courts invited plaintiff to attend "the Los Angeles Superior Court's Service Award Ceremony honoring you and other employees who have achieved 25 to 35 years of continuous service" and thanked her for her "continued service to the Court."

In a memo dated January 12, 1996, from associated claims management, plaintiff's employer was written in as "Los Angeles County Superior Court,"

and the form addresses plaintiff "[a]s an eligible County employee . . . ." Furthermore, it is undisputed that "County of Los Angeles" appeared on plaintiff's paychecks.

Plaintiff claimed in her declaration that the charge of discrimination filed after dismissal of her federal complaint named "the Superior Court/County of Los Angeles."[2] However, the actual document filed by plaintiff names her employer as "Superior Court/Los Angeles." Plaintiff also relied on statutes giving court employees many of the same benefits as county employees. Defendant filed a reply arguing the law but setting forth no additional facts.

*Trial court's ruling and appeal*

The matter was argued, and the trial court granted the MSJ "on the ground that the County of Los Angeles is not plaintiff's employer." Appellant filed a timely appeal from the judgment.

CONTENTIONS ON APPEAL

Appellant contends: 1. The trial court abused its discretion by granting summary adjudication as to whether the County was plaintiff's employer in that, a) The County may be considered a "joint employer" for purposes of applying Government Code section 12950, subdivision (f) to plaintiff's claims of continuing harassment and retaliation, and b) Even if the County is not plaintiff's legal employer, the Superior Court of Los Angeles County has not been prejudiced by any mislabeling of the County as plaintiff's employer since as a matter of law and contract the superior court and the County may be considered "joint employers." 2. Employment harassments claims may be based on acts of the employer which are continuing, pervasive and severe. 3. The County failed to meet its initial burden as to plaintiff's retaliation cause of action so that plaintiff was not required to produce any evidence in order to defeat the motion.

The County's brief addresses only the issue of which entity was plaintiff's employer when the alleged wrongs occurred, the basis for the trial court's grant of summary judgment. Respondent does not address the other grounds raised in support of its MSJ; in light of our disposition, we need not address those grounds.

---

[2] The EEOC letter to plaintiff refers to the case as Jones v. The Superior Court/County of Los Angeles.

DISCUSSION ·

1. *Standard of review.*

The court in *Arnold v. Dow Chemical Co.* (2001) 91 Cal.App.4th 698, 707 [110 Cal.Rptr.2d 722], recently set forth the standard of review for summary judgments: "Summary judgment is granted if all the submitted papers show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant seeking summary judgment has met the burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action cannot be established or that an affirmative defense to that cause of action exists. (Code Civ. Proc., § 437c, subd. (n); see *Rowe v. Superior Court* (1993) 15 Cal.App.4th 1711, 1724 [19 Cal.Rptr.2d 625].) Once the defendant's burden is met, the burden shifts to the plaintiff to show that a triable issue of fact exists as to that cause of action. (Code Civ. Proc., § 437c, subd. (o).) The plaintiff must set forth specific facts showing that a triable issue of material fact exists. (*Ibid.*)

■ "In reviewing the propriety of a summary judgment, the appellate court independently reviews the record that was before the trial court. [Citation.] We must determine whether the facts, as shown by the parties, give rise to a triable issue of material fact. [Citation.] In making this determination, the moving party's affidavits are strictly construed while those of the opposing party are liberally construed."

2. *The trial court did not err in granting summary judgment on the ground that the superior court, and not defendant County, was plaintiff's employer.*

■ The question before this court is whether defendant County is plaintiff's employer. "[A] superior court is not a subagency of a county. Rather, it is a separate branch of government. [Citation.]" (*Hart v. County of Alameda* (1999) 76 Cal.App.4th 766, 782 [90 Cal.Rptr.2d 386].) If the County is not plaintiff's employer, an employment-related lawsuit cannot proceed against that separate entity.

The County contends that the superior court is plaintiff's employer. Plaintiff counters that, under case authority determining employment, the County is either her employer or a "joint employer." Plaintiff particularly relies on *Service Employees Internat. Union v. Superior Court* (1982) 137

Cal.App.3d 320, 326 [187 Cal.Rptr. 9], and its recital of factors used to determine the existence of an employer/employee relationship. The cited factors include the exclusive right to control the duties of the personnel, the power to discharge the employee, payment of salary, nature of the services, and the parties' belief as to the employment relationship. (*Id.* at p. 325.)

The issue in *Service Employees Internat. Union v. Superior Court, supra,* 137 Cal.App.3d 320, 323, involved whether the Meyers-Milias-Brown Act (Gov. Code, former §§ 3500-3510) (MMBA) governing the labor relations of local government employees in California, applied to certain employees. The resolution of that issue involved in part the question of whether the employer of those employees was the county or the superior court: "Respondents contend that employees performing duties for the superior court are not covered by the MMBA because they are employed by the court and not by the county. The court's position is that the court is the employer and since it is not a *local* employer within the meaning of the MMBA, it has no duty to meet and confer with any employee organization. The court considers itself a *state* employer because it is a court of the State of California." (*Service Employees,* at p. 323.)

The court separated its analysis of employees into two groups, 1) employees and attachés of the superior court and 2) the deputy clerks appointed by a county officer and members of the county civil service who are hired, promoted, disciplined and fired according to county civil service rules. The court found the second group, which was subject to dual control by the court and the county clerk, to be county employees. (*Service Employees Internat. Union v. Superior Court, supra,* 137 Cal.App.3d at p. 326.) However, the court found the first group, which included "such titles as commissioners, referees, reporters, *secretaries,* legal research assistants and stenographers" to be "clearly employees of the superior court and not the county." (*Id.* at pp. 325-326, italics added; accord, *American Federation of State etc. Employees v. County of San Diego* (1992) 11 Cal.App.4th 506, 516 [14 Cal.Rptr.2d 51] ["court personnel under the exclusive control of the court . . . are employees of the court, not the county"]; see also *Sacramento County Employee Organization v. County of Sacramento* (1988) 201 Cal.App.3d 845, 851-852 [247 Cal.Rptr. 333] [same].)

In the case at bench, the indicia cited by plaintiff in arguing that the County might be a joint employer are that plaintiff's paychecks are drawn by the County, that statutorily she has many of the same benefits as County employees, and that plaintiff may have believed the County was at least in

part her employer.[3] As in *Service Employees Internat. Union v. Superior Court, supra,* 137 Cal.App.3d 320, 326, those in plaintiff's position "are appointed by the court and serve at the pleasure of the court. The court has the exclusive right to control the duties of these employees. It is only in the payment of salary and benefits that the county is involved." Despite the same indicia present in the case at bench, the court concluded that "These attachés and employees are clearly employees of the superior court." (*Ibid.*) We have reviewed the record and find no triable issue of fact that would result in a different conclusion.

Nor is our conclusion changed by plaintiff's reliance on *Los Angeles County Employees Assn. v. Superior Court* (2000) 81 Cal.App.4th 164 [96 Cal.Rptr.2d 418], or *Seidler v. Municipal Court* (1993) 12 Cal.App.4th 1229, 1234-1235 [16 Cal.Rptr.2d 90], cited in the former case. The plaintiff in *Seidler* was a municipal court administrator who had originally been employed from a civil service list and, after statutes governing his employment were amended to recategorize his employment as being at the pleasure of the judges, was terminated as an employee by the judges. (*Seidler,* at p. 1232.) After analyzing statutes Seidler contended gave him due process rights as a "permanent" employee, the court determined that those statutes did not apply to him and that Government Code section 72764, added in 1988, set the terms of his employment as "at the pleasure of the judges." (*Seidler,* at p. 1238.)

In analyzing the statutes, the *Seidler* court distinguished between "officers" of the court and "attachés" of the court, who were entitled to certain rights under Government Code section 72002.1 (making civil service protections of the county applicable to municipal court attaches). Seidler was held to be an officer and not entitled to the applicable statutory protections. (*Seidler v. Municipal Court, supra,* 12 Cal.App.4th at pp. 1234-1235.) This officer/attaché distinction in *Seidler* was used by the same court in *Los Angeles County Employees Assn. v. Superior Court, supra,* 81 Cal.App.4th 164, 170-171, which found that deputy court clerks were attachés and not officers and were entitled to civil service rights pursuant to Government Code section 72002.1. The question of whether the County as well as the court is the "employer" of such employees for the purpose of liability for

---

[3]Plaintiff has not demonstrated that the County led her to believe she was a County employee or that the County believed she was a County employee once she started working for the superior court. The only indication to the contrary was her award for longtime service as an employee of the superior court, to which her prior County service was obviously tacked on in order to reach the number of years. As a matter of law, we cannot find that award or communication a sufficient basis to make the County plaintiff's employer and liable for alleged employment harassment and retaliation claims.

harassment and/or retaliation wrongs was not presented in either case. Rather, the court needed to decide the applicability of statutes that specifically gave some court employees the same rights as county employees.

## DISPOSITION

The judgment is affirmed. The parties are to bear their own costs on appeal.

Rubin, J., and Boland, J., concurred.