Susana **MARTINEZ,** Plaintiff–Appellant,

v.

**COUNTY OF LOS ANGELES,** public entity; **Los Angeles County Sheriff's Department,** public entity; **Lee Baca,** individually and officially; **Steve Gutierrez,** individually and officially; **Randy Tuinstra,** individually and officially, Defendants–Appellees.

No. 08–55156.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 15, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ellen Hammill Ellison, Esquire, Law Offices of Ellen Hammill Ellison, Los Angeles, CA, for Plaintiff–Appellant.

Jacqueline Leathy Norlin, Esquire, Laquer, Urban, Clifford, & Hodge, Pasadena, CA, for Defendants–Appellees.

Before: CANBY, RAWLINSON and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Susana Martinez (Martinez) appeals the district court's summary judgment in favor of defendants on all claims in her action brought under 42 U.S.C. § 1983 and state unlawful employment practices statutes.

**1.** Although Martinez approved the judgment entered by the district court, the record reflects that she intended to pursue her appeal rights. Therefore, there was no waiver of appeal. *See U.A. Local 342 Apprenticeship & Training*

*Trust v. Babcock & Wilcox, Construction Co.*, 396 F.3d 1056, 1058 (9th Cir.2005).

**2.** Martinez failed to raise a material issue of fact regarding her employment by the Los Angeles Community College District, rather than the County of Los Angeles (County), during the time relevant to her case. *See Hardage v. CBS Broadcasting Inc.*, 427 F.3d 1177, 1183 (9th Cir.2005) ("There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (citation and alteration omitted).

**3.** Because Martinez was not employed by the County, summary judgment was properly awarded to the defendants, as her claims were all predicated on an employment relationship. *See Jones v. County of Los Angeles*, 99 Cal.App.4th 1039, 1045, 121 Cal.Rptr.2d 621 (2002); *see also Blair v. City of Pomona*, 223 F.3d 1074, 1079 (9th Cir.2000), *as amended* ("To establish § 1983 liability on the part of the [County] under *Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)," a plaintiff must show that she was deprived of a constitutional right "by an *adverse employment action* . . .") (emphasis added) (citations omitted).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.