MEMORANDUM **
Susana Martinez (Martinez) appeals the district court’s summary judgment in favor of defendants on all claims in her action brought under 42 U.S.C. § 1983 and state unlawful employment practices statutes.
1. Although Martinez approved the judgment entered by the district court, the record reflects that she intended to pursue her appeal rights. Therefore, there was no waiver of appeal. See U.A. Local 342 Apprenticeship & Training Trust v. Babcock & Wilcox, Construction Co., 396 F.3d 1056, 1058 (9th Cir.2005).
2. Martinez failed to raise a material issue of fact regarding her employment by the Los Angeles Community College District, rather than the County of Los Angeles (County), during the time relevant to her case. See Hardage v. CBS Broadcasting Inc., 427 F.3d 1177, 1183 (9th Cir.2005) (“There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.”) (citation and alteration omitted).
3. Because Martinez was not employed by the County, summary judgment was properly awarded to the defendants, as her claims were all predicated on an employment relationship. See Jones v. County of Los Angeles, 99 Cal.App.4th 1039, 1045, 121 Cal.Rptr.2d 621 (2002); see also Blair v. City of Pomona, 223 F.3d 1074, 1079 (9th Cir.2000), as amended (“To establish § 1983 liability on the part of the [County] under Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978),” a plaintiff must show that she was deprived of a constitutional right “by an adverse employment action ... ”) (emphasis added) (citations omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.