Filed 10/3/13  Bui v. Hoang CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| VIEN T. BUI, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> BICH-LIEN THI HOANG, <br><br> Defendant and Respondent. | H038182 <br> (Santa Clara County <br> Super. Ct. No. CV161914) |

Vien T. Bui, in consolidated actions filed in early 2010, sued various parties for dental work performed on him at a clinic over a nine-month period concluding in November 2008.  One of those parties, Lien Hoang, a licensed dentist,[1] moved successfully for summary judgment on dual grounds:  (1) Bui could not establish all essential elements of his claim for professional negligence; and (2) his suit was time-barred.  At the time it granted summary judgment, the court also denied Bui's motion to amend his complaint to add new causes of action against Hoang.

In Bui's appeal from the judgment entered against him, he claims that the court, in granting summary judgment, incorrectly applied the statute of limitations for medical malpractice, Code of Civil Procedure section 340.5, to conclude that his suit was time-

---

[1] Hoang was sued by Bui as "Hoang Bich-Lien Thi, D.D.S."  According to her declaration filed below, Hoang's correct name is "Lien Hoang."

barred.[2]  He argues that there were a number of legal theories other than professional negligence that were reasonably contemplated in the complaint for which section 340.5 was inapplicable.  He contends further that, in any event, the court erred by selecting an arbitrary date in June 2008 as the commencement date of the statute of limitations under section 340.5.  Lastly, he asserts that the court abused its discretion in denying his motion for leave to amend his complaint.

We conclude that the court properly granted summary judgment on the ground that Bui's pleaded claim was time-barred, and that the court did not abuse its discretion in denying Bui leave to amend.  We will therefore affirm the judgment.

FACTUAL BACKGROUND

I.      *Hoang's Professional Background*

Hoang is a dentist licensed to practice dentistry in California.  As of 2008, she performed dentistry under her own business license at a facility on Senter Road in San José that was leased to Hi-Tech Dental, Inc. (Hi-Tech).  Pursuant to a written sublease agreement, Hoang rented a dental suite, equipment, and supplies at the Senter Road facility.  She was not an employee of Hi-Tech and took no direction from that entity. Hoang was paid directly by her patients and their insurers and received all of the income for patients she treated.  She also paid for her own professional liability insurance; the insurance policy was in her name.  At no time did Hoang employ Kim Trang Nguyen, a dental assistant, nor did Nguyen ever employ Hoang.

II.     *Bui's Account of Dental Treatment He Received*

According to Bui's deposition testimony, his first appointment at Hi-Tech was in approximately February 2008, when he was first examined by dental assistant Nguyen. During his first visit, he filled out a patient information form that included patient history

---

[2] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

2

information, which was signed and dated February 12, 2008. He indicated that he was experiencing a problem with his upper denture in that it did not fit well and was "not very stable . . ., not comfortable."

Also according to Bui's deposition testimony, in approximately May 2008, he went to Hi-Tech to be fitted for a new upper denture by Nguyen.[3] He also had teeth extracted that day. The fitting of the new denture was uneventful, and Bui left the office wearing it. The denture was temporary; he wore it three or four weeks. After later receiving four mini-implants, he no longer wore the denture. No dental professional ever criticized the denture, and Bui experienced no problems with it.

In his declaration filed in opposition to the summary judgment motion, Bui stated that, at Nguyen's recommendation, he had three upper teeth extracted by another dentist. Sometime after the extraction, he saw a different dentist, Frank Tran, who placed four mini-implants in Bui's upper jaw. Bui returned a short time later for the fitting of a new denture by Nguyen. As Bui described in his declaration: "She attempted to place the new denture on the implants. The new denture immediately became lodged in my mouth. [Nguyen] first tried to yank it out with the dental pick in her hands. This was extremely painful. It would not come out. She next picked up the dental drill that was next to the chair and began to drill it out. This went on for over forty-five minutes. I was in extreme pain the entire time; I was so scared and did not know what was going on. . . . Finally the denture came out. Then she fixed the damaged denture for me to use while waiting for her to order the second new denture. I asked [Nguyen] why the denture got stuck. She told me that Dr. Tran forgot to put the housings on top of the mini-implants and that the housing acted like a cap of a bottle, if they are set, the dentures snap in and out."

---

[3] In identifying the year of the treatment, before he ultimately testified that the treatment was "two years ago" in relation to his September 2010 deposition, Bui testified that the year was "2098—no, 2000—no, 2010—so 1998; 1999; 2000—oh, that is wrong. 2098—yeah, 2098—1998; '99—oh, no, no, 1998."

3

Bui declared further that he returned after the second new denture was available and after Tran inserted housings on the mini-implants.  In response to being told that Nguyen had blamed him for the prior new denture becoming stuck, Tran told Bui that it was Nguyen's fault.  Nguyen placed the second new denture, but soon thereafter, the mini-implants began falling out and he could not wear the second new denture; he ultimately was fitted by Nguyen with the prior, damaged denture with unsatisfactory results.  Bui declared:  "Dr. Tran could not put more implants in because I had lost bone. I complained to [Nguyen] and she said to me, [']Mr. Bui[,] you have two implants and that is better than none.[']  I was very hurt by these words and her lack of caring."

Bui testified that he does not "know who Dr. Hoang is," and that he knew of no facts supporting his allegation that Hoang supervised Nguyen while the latter treated Bui at Hi-Tech.  Likewise, in his declaration signed approximately one and one-half years after his deposition, Bui stated that he "was never treated by or introduced to Lien Hoang" and only became aware of her later when he received a copy of his dental records.

III.    *Hoang's Account of Dental Treatment She Provided*

According to Hoang's declaration, which was based in part upon her review of Bui's dental chart, she treated Bui on three separate 2008 visits, on February 16, April 25, and May 9.  During the first visit, Bui complained about a loose or unstable upper partial denture, which Hoang confirmed during her examination.  She suggested one option would be to replace the upper partial denture if it was more than five years old.  Bui favored that option if the new denture would be covered by insurance; Hoang told him that it would be covered.

Hoang declared further that on April 25, 2008, she obtained an impression from Bui for a new full upper denture.  Two weeks later on May 9, she placed into Bui's mouth the new upper denture that had been produced by a dental laboratory.  She did so after Bui's upper teeth were extracted the same day by Micaela Balaban, another dentist.

4

Thereafter, although Hoang had advised Bui to return to the office for an adjustment to the denture after the swelling from the teeth extraction had subsided, he did not do so, and Hoang never saw Bui after May 9, 2008. She never received any complaints from Bui about the upper denture.

IV.     *Records of Bui's Dental Treatment*

Bui's dental records show that he received treatment at Hi-Tech from February 16, 2008, to November 14, 2008. The records also reflect two written consents to treatment signed by Bui: (1) a consent dated April 5, 2008, which included initialed paragraphs that concerned, inter alia, Bui's consent to the selection and use of medications and anesthetics, and his consent to tooth extraction; and (2) a consent dated June 13, 2008, authorizing Tran to perform implant surgery.

PROCEDURAL BACKGROUND

On January 22, 2010, Bui filed a complaint in Superior Court, case number 110-CV161914, against Nguyen and Hi-Tech. He alleged seven causes of action, captioned as intentional misrepresentation, battery, false imprisonment, fraud (concealment), unfair business practices, intentional infliction of emotional distress, and negligence.

On February 11, 2010, Bui filed a second complaint against Hoang and others, captioned as one for "dental negligence," in Superior Court case number 110-CV163603. (Capitalization and emphasis omitted.) The complaint alleged separate dental negligence claims against Hoang, and two other dentists affiliated with Hi-Tech, Tran and Balaban.[4] Before responses were filed by the defendants in that case, Bui filed a first amended complaint (the Complaint), which was captioned as one for "dental negligence and fraud." (Capitalization and emphasis omitted.) Bui alleged in the Complaint that Hoang

---

[4] It is apparent that before Hoang's summary judgment motion was heard and granted, Tran settled with Bui and was dismissed from the action, and Balaban successfully moved for summary judgment.

5

was "employed with or contract[ed] with Hi[-]Tech." He alleged further that his dental records reflected that between February and April 2008, Hoang treated him or supervised treating him, and that Hoang billed Bui's insurance for services. But Bui also alleged "that he never saw, met, or received treatment by" Hoang. Bui alleged further that between February and April 2008, he was treated by a person (unspecified in the Complaint) who was not a dentist and who "caus[ed] him grave pain." Bui alleged that he reasonably believed that Hoang was supervising this person, and that because of her superior knowledge as a dentist, she should not have allowed this person to diagnose or treat him.

Hoang filed a demurrer to the fraud cause of action of the Complaint and a motion to strike certain allegations, including the prayer for punitive damages. The court sustained the demurrer on the basis that it failed to state facts sufficient to constitute a cause of action for fraud and granted the motion to strike the prayer for punitive damages. The court granted Bui 10 days' leave to amend. There is nothing in the record evidencing that Bui thereafter filed an amended complaint relative to the fraud claim.

Pursuant to the parties' stipulation, the court in July 2010 ordered the two Superior Court actions (case numbers 110-CV161914 and 110-CV163603) consolidated.

In October 2011, Hoang moved for summary judgment, or, in the alternative, for summary adjudication. Bui opposed the motion. Before filing his opposition, Bui filed a motion to amend his complaint, which was opposed by Hoang.[5]

The motion for summary judgment and motion to amend were scheduled for hearing on January 24, 2012. The court adopted its tentative rulings with respect to both motions, which tentative rulings were not contested. In those rulings, the court granted Hoang's motion for summary judgment and denied Bui's motion to amend. Formal

---

[5] Bui filed an earlier motion to amend, which was denied without prejudice in November 2011. That ruling is not being challenged in this appeal.

6

orders on both motions were thereafter entered, and a judgment was entered in favor of Hoang.  Bui filed a timely appeal.

DISCUSSION

I.       *The Summary Judgment Order*

A.       *Summary Judgment and Standard of Review*

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).)  As such, the summary judgment statute, section 437c, "provides a particularly suitable means to test the sufficiency of the plaintiff's prima facie case and/or of the defendant's [defense]." (*Caldwell v. Paramount Unified School Dist.* (1995) 41 Cal.App.4th 189, 203.)  A summary judgment motion must demonstrate that "material facts" are undisputed. (§ 437c, subd. (b)(1).)  "The materiality of a disputed fact is measured by the pleadings." (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250; see also *Metromedia, Inc. v. City of San Diego* (1980) 26 Cal.3d 848, 885, revd. on other grounds *Metromedia, Inc. v. City of San Diego* (1981) 453 U.S. 490.)

The moving party "bears the burden of persuasion that there is no triable issue of material fact and that he [or she] is entitled to judgment as a matter of law." (*Aguilar*, *supra*, 25 Cal.4th at p. 850, fn. omitted.)  A defendant moving for summary judgment must "show[ ] that one or more elements of the cause of action . . . cannot be established [by the plaintiff], or that there is a complete defense to that cause of action." (§ 437c, subd. (p)(2); see also *Aguilar*, at p. 853.)  A defendant meets his or her burden by presenting affirmative evidence that negates an essential element of the plaintiff's claim. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.)  Alternatively, a defendant meets his or her burden by submitting evidence "that the plaintiff does not possess, and cannot reasonably obtain, needed evidence" supporting an essential element of its claim.

7

(*Aguilar*, at p. 855.)  Where the summary judgment motion is based upon an affirmative defense, " 'the defendant has the initial burden to show that undisputed facts support each element of the affirmative defense.' [Citations.]"  (*Anderson v. Metalclad Insulation Corp.* (1999) 72 Cal.App.4th 284, 289.)

Since summary judgment motions involve pure questions of law, we review independently the granting of summary judgment to ascertain whether there is a triable issue of material fact justifying reinstatement of the action.  (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142; *Chavez v. Carpenter* (2001) 91 Cal.App.4th 1433, 1438.)  In doing so, we "consider[] all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports.  [Citation.]" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

In our independent review of the granting of summary judgment, we conduct the same three-step procedure employed by the trial court.  First, "we identify the issues framed by the pleadings because the court's sole function on a motion for summary judgment is to determine whether there is a 'triable issue as to any material fact' (§ 437c, subd. (c)), and to be 'material' a fact must relate to some claim or defense *in issue* under the pleadings.  [Citation.]"  (*Zavala v. Arce* (1997) 58 Cal.App.4th 915, 926.)  Second, we examine the motion to determine whether it establishes facts justifying judgment in the moving party's favor.  (*Chavez v. Carpenter*, *supra*, 91 Cal.App.4th at p. 1438.)  Third, we scrutinize the opposition—assuming movant has met its initial burden—to "decide whether the opposing party has demonstrated the existence of a triable, material fact issue [to defeat summary judgment].  [Citation.]"  (*Ibid.*; see also *Burroughs v. Precision Airmotive Corp.* (2000) 78 Cal.App.4th 681, 688.)  We need not defer to the trial court and are not bound by the reasons in its summary judgment ruling; we review the ruling of the trial court, not its rationale.  (*Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 878.)

8

Summary judgment may in an appropriate case be based upon moving party-defendant's establishing its defense of the statute of limitations. "While resolution of the statute of limitations issue is normally a question of fact, where the uncontradicted facts established through discovery are susceptible of only one legitimate inference, summary judgment is proper. [Citation.]" (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1112 (*Jolly*); see also *Clark v. Baxter Healthcare Corp.* (2000) 83 Cal.App.4th 1048, 1054-1055.) " 'It is a question of law whether a case or a portion of a case is barred by the statute of limitations, and we are not bound by the trial court's determination and instead conduct a de novo review. [Citation.]' [Citations.]" (*Sahadi v. Scheaffer* (2007) 155 Cal.App.4th 704, 713-714.)

B.      *Parties' Contentions*

In challenging the order granting summary judgment, Bui asserts that the court erred by accepting Hoang's evidence that she in fact treated him and thereby rejected Bui's conflicting evidence that Hoang provided no such treatment. Acceptance of the moving party's evidence, Bui argues, is contrary to the requirement that the court accept as true for purposes of summary judgment the evidence offered by the party opposing the motion. (See *Sada v. Robert F. Kennedy Medical Center* (1997) 56 Cal.App.4th 138, 148.) He contends that "[o]nly by accepting [Hoang's] evidence [that she treated Bui] could the court have concluded" that section 340.5 was the applicable statute of limitations for his claims. He argues that Hoang's motion addressed only a claim of "medical negligence" and that there were a number of theories besides that claim that were " 'reasonably contemplated' from the factual allegations" pleaded in the Complaint. He contends that the limitation of actions for medical negligence (including dental malpractice) provided in section 340.5 did not apply to these other legal theories.

Bui argues further that even if the court correctly determined that section 340.5 applied to the Complaint, it improperly found that Bui's claims were time-barred because it selected an incorrect commencement date (June 2008) for the statute of limitations. He

9

contends that this June 2008 date was based upon the date that dental assistant Nguyen's treatment resulted in causing the new full upper denture over the implants to become lodged in his mouth, and that "[i]n order to rule that this event triggered the statute as to Dr. Hoang's liability, the court had to conclude that there was a link between the denture that Dr. Hoang allegedly delivered on May 9, 2008[,] and the triggering event." Because, Bui argues, there was no such link, the June 2008 date selected by the court was improper. He also asserts that the dental work performed on him at Hi-Tech was a single course of treatment and that the statute of limitations therefore commenced to run "sometime after the date [he] was told by [Nguyen] that he must be satisfied with the results obtained [from the treatment] even if less than promised."

Hoang responds that summary judgment was proper. First, she asserts that there was no triable issue of fact evidencing that she was negligent in her treatment of Bui, and therefore the court properly granted summary judgment on that ground. Second, she argues that the court properly found the case was time-barred. Under section 340.5 (she contends), Bui was required to bring suit within one year of the date he discovered or reasonably should have discovered his injury, and that here, he knew he had been injured at the time of the June 2008 appointment when Nguyen caused the new full upper denture over the implants to become lodged in his mouth.

### C. *Summary Judgment Was Properly Granted*

#### 1. *Section 340.5 Applies to Bui's Claim*

Under section 340.5, a party asserting a claim against a health care provider for professional negligence must bring suit within three years of the injury or not more than one year after the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury, whichever occurs first.[6] The limitation of actions provisions

---

[6] Section 340.5 provides in relevant part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year

10

of section 340.5 apply to malpractice claims against dentists. (*Kitzig v. Nordquist* (2000) 81 Cal.App.4th 1384, 1391 (*Kitzig*).)

We must evaluate first whether the trial court correctly held that section 340.5 was applicable to Bui's Complaint. As Bui acknowledges, "[t]o determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action. [Citations.] '[T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code.' [Citation.]" (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22-23 (*Hensler*).) Stated otherwise, the relevant question for a statute of limitations inquiry is a determination of "the primary interest invaded by defendant's wrongful conduct. [Citation.]" (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1207 (*Barton*).)

The sole claim alleged against Hoang in the Complaint[7] was captioned as one for "dental negligence." (Capitalization and emphasis omitted.) Bui alleged that Hoang was a dentist licensed by the State of California to practice dentistry, and that she held "herself out to possess that degree of skill, ability, and learning common to prudent practitioners practicing dentistry" in this state. He alleged further that, although he "maintains that he never saw, met, or received treatment by [Hoang]," his dental records

---

after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. . . ."

[7] As noted, the court sustained with leave to amend Hoang's demurrer to the fraud cause of action of the Complaint on the basis that it failed to state facts sufficient to constitute a cause of action, and Bui did not thereafter amend the Complaint. Accordingly, the only claim against Hoang alleged in the Complaint that was before the court in connection with the summary judgment motion was the dental negligence cause of action.

11

from Hi-Tech showed that she treated him or supervised in treating him for dental problems between February and April 2008, and that she billed his insurance for those alleged services. Bui alleged that (1) between February and April 2008, he was diagnosed, treated, and examined by a non-dentist who "used dental instruments on [him,] causing him grave pain"; (2) the non-dentist's and Hoang's respective names or initials appear adjacent to each other on Bui's records, indicating that Hoang "sign[ed] off on" treatment performed upon him; (3) because of her superior training, Hoang "knew, or in the exercise of reasonable diligence, should have known, of her negligence, misconduct, and culpability" in that "[s]he should not have allowed the non-dentist to treat, diagnos[e], or use dental instruments on [Bui]"; (4) he "was injured in body, including but not limited to, pain cause by a drill handled by a non-dentist under the direction and supervision of [Hoang]"; and (5) he "has incurred and will continue to incur dental and related medical expense in treating the injuries caused by [Hoang's] negligence."

It is clear that the gravamen of the Complaint was a claim of dental negligence. The right of Bui to be free from injury resulting from the negligent treatment, diagnosis and care by dental professionals was "the primary interest invaded by defendant's wrongful conduct. [Citation.]" (*Barton*, *supra*, 43 Cal.App.4th at p. 1207.)

Bui, however, argues that the gravamen of the Complaint was not "professional negligence[; rather, it was] facilitating dental treatment by an unlicensed person." He contends that a number of other legal theories are " 'reasonably contemplated' from the factual allegations" in the Complaint. He argues that these other legal theories—which he identifies as ordinary negligence, false imprisonment, civil conspiracy to conceal the unlawful practice of dentistry, breach of fiduciary duty, aiding and abetting fraudulent

12

concealment, and vicarious liability for Nguyen's wrongful acts—have limitations periods other than section 340.5.[8]  We disagree with Bui's contention.

The Complaint plainly is one for dental negligence and was captioned as such by Bui himself.  Because "the pleadings set the boundaries of the issues to be resolved at summary judgment" (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 648 (*Oakland Raiders*)), and "the plaintiff cannot bring up new, unpleaded issues in his or her opposing papers [citation]" (*Government Employees Ins. Co. v. Superior Court* (2000) 79 Cal.App.4th 95, 98-99, fn. 4), we reject Bui's attempt to have the allegations of the Complaint treated as something they are not.

Furthermore, even were we to credit Bui's contention that the Complaint may be fairly read to include claims other than for dental negligence, these other purported claims do not change the fact that the gravamen of the Complaint is professional negligence.  *Sahadi v. Scheaffer*, *supra*, 155 Cal.App.4th 704 is instructive.  There, the plaintiffs alleged a claim of malpractice against accountants, but also asserted other related claims against the professionals.  We held:  "The two-year statute of limitations prescribed by section 339, subdivision (1) applies to actions for accounting malpractice. [Citations.]  And where the gravamen of the case is accounting negligence, the two-year statute is applicable, notwithstanding the existence of other claims against the professionals, such as misrepresentation, for which a different statute of limitations might otherwise apply.  [Citation.]"  (*Id.* at pp. 714-715; see also *Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins.* (2004) 115 Cal.App.4th 1145, 1159 (*Hydro-Mill*) [because gravamen of suit against insurance broker was professional negligence, the

---

[8] We observe that Bui's analysis is incomplete.  Insofar as he identifies six claims purportedly not sounding in professional negligence, he fails to identify the specific statute of limitations he claims to be applicable, except with respect to the ordinary negligence theory.

13

plaintiff could not "prolong the limitations period by invoking a fiduciary theory of liability"].)

Similarly, in *Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 400-401 (*Carter*), the plaintiffs, children of a deceased patient, sued a hospital and a skilled nursing facility for elder abuse, willful misconduct, and wrongful death. The trial court sustained the hospital's demurrer to the complaint without leave to amend. (*Id.* at pp. 402-403.) On review, the appellate court concluded, inter alia, that the demurrer to the willful misconduct cause of action was properly sustained without leave to amend because it was time-barred. (*Id.* at pp. 412-414.) It held the gravamen of the purported cause of action for willful misconduct was a survivor action under section 377.20, subdivision (a) for professional negligence. (*Carter*, at p. 413.) As such, the claim was governed by the statute of limitations for medical malpractice actions, section 340.5 (*Carter*, at p. 413), and the court held that because the plaintiffs suspected wrongdoing at the time of their father's death in August 2008, their failure to file suit within one year thereafter resulted in the suit being untimely. (*Id.* at p. 414.)

The unasserted claims that Bui contends are " 'reasonably contemplated' " from the allegations of the Complaint—a contention we assume to be true only for purposes of this analysis—are based upon an underlying claim that Bui was injured as a result of dental negligence from treatment performed by Nguyen. Regardless of whether Hoang actually treated Bui, his claim against Hoang is based upon her affiliation with Hi-Tech and her alleged connection with Nguyen,[9] who Bui alleges directly caused him injury through her diagnosis, treatment, and examination of him, and her "use[ of] dental instruments on [him, that] caus[ed] him grave pain."

---

[9] We note that although Bui alleged that Hoang directed and supervised Nguyen, he testified that he knew of no facts supporting his allegation that Hoang supervised Nguyen while the latter treated Bui.

14

Therefore, similar to *Carter*, *supra*, 198 Cal.App.4th 396, in which the willful misconduct claim was deemed a claim for medical malpractice, the gravamen of the Complaint against Hoang, regardless of how Bui may now characterize its allegations, is a claim for professional negligence. Accordingly, the court correctly determined that section 340.5, the statute of limitations applicable for dental malpractice claims (*Kitzig*, *supra*, 81 Cal.App.4th at p. 1391), applied to Bui's Complaint.

2. *Bui's Complaint Was Barred under Section 340.5*

As noted, a dental negligence suit under section 340.5 must be filed within three years of the injury or not more than one year after the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury, whichever occurs first. "The patient is charged with 'presumptive' knowledge of his negligent injury, and the statute commences to run, once he has ' "notice or information of circumstances to put a reasonable person *on inquiry*, or *has the opportunity to obtain knowledge* from sources open to his investigation . . . ." ' [Citations.] Thus, when the patient's 'reasonably founded suspicions [have been aroused],' and [he or] she has actually 'become alerted to the necessity for investigation and pursuit of [his or] her remedies,' the one-year period for suit begins. [Citation.]" (*Gutierrez v. Mofid* (1985) 39 Cal.3d 892, 896-897.) "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." (*Jolly*, *supra*, 44 Cal.3d at p. 1111; see also *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397-398 (*Norgart*).)

For instance, in *Gray v. Reeves* (1977) 76 Cal.App.3d 567, 571 (*Gray*), the defendant physician prescribed prednisone in 1968 for the plaintiff-patient's infectious hepatitis, and he later developed a degenerative hip disease. He testified in deposition

15

that he was told by the defendant in January 1971 (the last time the physician saw him) that the disease "was 'probably caused' by the prednisone." (*Ibid.*) The plaintiff also testified that between February and May 1971, he had " 'felt that Dr. Reeves had done something wrong.' " (*Id.* at p. 573.) The plaintiff had corrective surgery in May 1971, but did not file his negligence suit against the physician until August 1973. (*Id.* at p. 571.) The appellate court, applying section 340.5, held that the defendant had established by summary judgment that the malpractice action was time-barred because it was filed more than one year after the plaintiff discovered (or in the exercise of reasonable diligence should have discovered) his injury and its negligent cause. (*Gray*, at p. 576.) The court reasoned: "Here Gray knew he was suffering from deterioration of the hip socket, a malady different from what he was being treated for. . . . He does not deny the cause of the injury was explained to him on January 29, 1971, and he clearly understood the drug prednisone had probably caused the problem. He also knew at that time Reeves was the only one who had prescribed the drug . . . [¶] We believe this is enough to put Gray on notice an injury had occurred and the drug Reeves prescribed was the actionable cause. That the drug was negligently prescribed was a matter constructively within Gray's knowledge and he is chargeable with knowledge of the fact. In any event, however, Gray admitted in the deposition that he knew Reeves had been wrong in the prescribing of the drug and he knew that before May 1971 when he was operated on . . . Clearly, the statute of limitations began to run on that date." (*Id.* at p. 577, fn. omitted; see also *Gutierrez v. Mofid*, *supra*, 39 Cal.3d at p. 898 ["if one has suffered appreciable harm and knows or suspects that professional blundering is its cause, the fact that an attorney has not yet advised him does not postpone commencement of the limitations period"].)

Here, although Bui provided very few definitive dates in either his deposition or in his opposition to the summary judgment motion, he acknowledged that his treatment at

16

Hi-Tech began in February 2008.[10] It is also undisputed that his upper teeth were extracted by another dentist in May 2008; he received an upper denture on May 9, 2008, a procedure about which he had no complaints; and Tran performed implant surgery on Bui on June 13, 2008. Bui likewise did not dispute that a key event as alleged in both his complaint against Nguyen and Hi-Tech and in his Complaint against Hoang—that a new full upper denture became lodged in Bui's mouth and had to be pried out, causing extreme pain—occurred on or about June 27, 2008, more than 19 months before Bui filed suit against Hoang. Lastly, Bui's dental records reflected that his last treatment at Hi-Tech occurred in November 2008, and Bui did not dispute this fact; in fact, he admitted it in pleadings filed below.

It is plain that the signal event that resulted in the commencement of the one-year limitations period under section 340.5 was the June 27, 2008 appointment with dental assistant Nguyen. Bui describes this dramatic incident[11] as one in which the new full upper denture became lodged in his mouth immediately; that Nguyen took various measures—ones that were "extremely painful" to him—to try to dislodge the denture, including attempting to "yank it out with [a] dental pick" and later using a dental drill. Bui declared that he was "in extreme pain the entire" 45 minutes-plus that the denture was stuck. He also declared that blame for the problem, according to what Nguyen told him at the time, rested with Tran. We conclude that these facts, uncontroverted by moving party, were sufficient to give Bui, at the very least, " 'presumptive' knowledge of his negligent injury . . . [such that his] 'reasonably founded suspicions [have been

---

[10] This date is confirmed in Bui's dental records that were submitted both in support of and in opposition to the summary judgment motion.

[11] We liberally construe the declaration of Bui, the opposing party (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768), and assume for purposes of the summary judgment motion the truth of his factual account of this appointment with Nguyen. (*Singleton v. U.S. Gypsum Co.* (2006) 140 Cal.App.4th 1547, 1558.)

17

aroused],' [thereby resulting in the commencement of the] one-year period for suit . . ." (*Gutierrez v. Mofid*, *supra*, 39 Cal.3d at pp. 896-897.)

But even were we to conclude that the statute of limitations was not triggered by Nguyen's treatment and lodging of the new full upper denture in Bui's mouth on June 27, 2008, it is uncontroverted that any dental treatment of Bui occurring at Hi-Tech ceased by the end of November 2008. In his declaration, Bui stated that there were several office visits after June 27, in which (1) Tran told Bui that it was Nguyen's fault that the prior new denture had become stuck; (2) a second new denture was placed by Nguyen, but the procedure was unsuccessful because his mini-implants fell out shortly afterward; (3) he was then fitted by Nguyen with the prior, damaged denture with unsatisfactory results; and (4) he complained to Nguyen about the implant and new denture procedure being unsuccessful, and he was "very hurt by [Nguyen's response] and her lack of caring." Based upon this undisputed evidence—indeed, evidence presented by Bui, himself—the one-year statute of limitations under section 340.5 commenced no later than November 30, 2008 (if not earlier on June 27). By the time his implant and denture treatment at Hi-Tech had concluded by the end of November 2008, Bui knew (or reasonably should have known) that he had been injured and knew or "suspect[ed] that professional blundering [was] its cause." (*Gutierrez v. Mofid*, *supra*, 39 Cal.3d at p. 898.) Yet Bui did not file his Complaint until February 11, 2010.

Moreover, the fact that Bui may have been ignorant of certain details supporting a claim of negligent treatment at the time his dental treatment terminated does not prevent the limitations period from commencing. For example, in *Dolan v. Borelli* (1993) 13 Cal.App.4th 816, 820 (*Dolan*), the plaintiff had hand surgery for carpal tunnel syndrome, and the surgeon told Dolan that she should be pain-free within 60 days after the surgery. She was still experiencing pain after that time period, and she then believed that the surgery had been performed improperly. (*Ibid.*) She later consulted another physician, who performed a second surgery, at which time the precise nature of the first surgeon's

18

malpractice was ascertained. (*Ibid.*) The appellate court rejected the plaintiff's contention that the limitations period under section 340.5 did not commence until after the second surgery, reasoning: "[T]he essential inquiry is when did [the patient] suspect [the first doctor] was negligent, not when did she learn precisely how he was negligent." (*Dolan*, at p. 824; see also *Knowles v. Superior Court* (2004) 118 Cal.App.4th 1290, 1298 (*Knowles*).)

Lastly, we reject Bui's claim that the statute of limitations did not commence until sometime after his dental treatment terminated, i.e., at the time when he discovered that Hoang had allegedly falsely claimed to Bui's insurer that she had treated him.[12] It is not the discovery of the person committing the alleged wrong that triggers the statute; it is the knowledge (actual or constructive) of the claim that controls. "[T]he plaintiff may discover, or have reason to discover, the cause of action even if he does not suspect, or have reason to suspect, the identity of the defendant. [Citation.] That is because the identity of the defendant is not an element of any cause of action. [Citation.] It follows that failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action, whereas a like failure concerning the cause of action itself does." (*Norgart, supra,* 21 Cal.4th at p. 399, fn. omitted; see also *Knowles*, *supra*, 118 Cal.App.4th at p. 1299.)

The commencement date of the one-year statute of limitations under section 340.5 was June 27, 2008, or, at the latest, November 30, 2008. Because Bui failed to bring suit

---

[12] Bui does not identify in his appellate briefs, nor does he address in his summary judgment opposition, the date when he discovered that Hoang had allegedly made this false representation to his insurer. In his declaration, he merely stated that he "became aware of [Hoang's] existence after [he] obtained a copy of [his] treatment records from [his] insurance and saw that she was listed as the treating physician."

19

against Hoang until February 11, 2010, the action was time-barred. Therefore, the court properly granted summary judgment on this basis.**¹³**

II.      *The Motion to Amend the Complaint*

A.      *Background and Contentions*

After Hoang filed her summary judgment motion, Bui filed a motion to amend his complaint. Citing the liberal policy of allowing pleading amendments (see *Huff v. Wilkins* (2006) 138 Cal.App.4th 732, 746 (*Huff*)), Bui argued that Hoang would not be prejudiced by the amendment and that the new theories of liability in the proposed second amended complaint were based upon the same underlying facts alleged when the action was initiated. Hoang opposed the motion to amend, contending that the motion (1) failed to identify any reasons for the amendment; (2) was untimely; (3) was prejudicial to Hoang because, inter alia, the proposed amended pleading included a prayer for punitive damages; and (4) would needlessly cause the continuance of trial and further cost to all parties resulting from the additional discovery required to address the additional claims.

The motion to amend was denied by the court. It concluded, inter alia, that the new claims asserted in the proposed second amended complaint were time-barred.

Bui argues that the court abused its discretion in denying the motion to amend. He argues that the proposed amended pleading "sought to clarify the pleadings and add theories of liability." He urges that, contrary to the trial court's finding, the new causes of action in the proposed second amended complaint were not time-barred because section 340.5 was inapplicable to those claims. Hoang responds that the court did not abuse its discretion in denying leave to amend because the proposed claims for battery

---

**¹³** Because we have found that the court correctly granted summary judgment on the ground that Hoang had established his statute of limitations defense, we need not address the other grounds asserted by Hoang in support of summary judgment, including her contention that Bui could not establish all requisite elements of his dental negligence claim. (See *Smith v. St. Jude Medical, Inc.* (2013) 217 Cal.App.4th 313, 316, fn. 3; *Jones v. County of Los Angeles* (2002) 99 Cal.App.4th 1039, 1044.)

20

and negligence per se were time-barred under section 340.5, the unfair trade practices claim was meritless on its face, and, in any event, Bui failed to offer any excuse for his delay in seeking leave to amend.

B.     *Court's Denial of Leave to Amend Was Not an Abuse of Discretion*

" ' "[T]he trial court has wide discretion in allowing the amendment of any pleading [citations], [and] as a matter of policy the ruling of the trial court in such matters will be upheld unless a manifest or gross abuse of discretion is shown.  [Citations.]" ' [Citations.]  Courts must apply a policy of great liberality in permitting amendments to the complaint at any stage of the proceedings, up to and including trial, when no prejudice is shown to the adverse party.  [Citation.]  However, ' "even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself—be a valid reason for denial." '  [Citation.]  [¶]  . . . Leave to amend is properly denied when the facts are undisputed and as a substantive matter no liability exists under the plaintiff's new theory.  [Citation.]"  (*Huff*, *supra*, 138 Cal.App.4th at p. 746.)  "Although there is a strong policy in favor of liberal allowance of amendments, the trial court's discretion will not be disturbed on appeal unless it clearly has been abused.  [Citation.]  . . . [I]f the proposed amendment fails to state a cause of action, it is proper to deny leave to amend.  [Citation.]"  (*Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 230; see also *Oakland Raiders*, *supra*, 131 Cal.App.4th at p. 654 [court properly denied leave to amend sought after granting of summary adjudication motion, where proposed new claims "were without merit as a matter of law"].)  And the trial court may properly deny leave to amend when the claim alleged in the proposed pleading is time-barred.  (*Foxborough v. Van Atta*, at p. 231; see also *Dominguez v. City of Alhambra* (1981) 118 Cal.App.3d 237, 243.)

We agree with the trial court that the proposed second amended complaint alleged claims that were time-barred.  As we have discussed, (see pt. I.C.1, *ante*), we ascertain the applicable statute of limitations by determining "the 'gravamen' of the cause of

21

action. [Citations.]" (*Hensler*, *supra*, 8 Cal.4th at pp 22-23.) Here, the three proposed new causes of action were identified by Bui as claims for unfair trade practices in violation of the unfair competition law, Business and Professions Code section 17200 (the UCL claim); negligence per se; and battery.[14] In the UCL claim, Bui alleged that Hoang engaged in unlawful practices "by enabling and facilitating the practice of dentistry by a non-dentist." He alleged, inter alia, that Hoang engaged in unprofessional conduct as a dentist by "knowingly permit[ting] grossly negligent treatment by a dental hygienist [Nguyen]"; she "was in effect the front man [*sic*] for [Nguyen's] multiple acts of unlicensed practice of dentistry," including Nguyen's actions during the June 27, 2008 appointment; and that Nguyen's "acts[, which] harmed, in the extreme, [Bui]" would not have occurred, "but for Dr. Hoang's willful neglect of her professional responsibility." Bui alleged as part of the proposed negligence per se claim that Hoang "aided and abetted the unlicensed practice of [Nguyen and Hi-Tech]"; he was injured as a direct result of Hoang's "multiple acts of unlawful and unprofessional conduct" because Nguyen would not have otherwise treated him; and Hoang's alleged conduct was not allowed under her dentistry license. And Bui alleged in the proposed battery claim that Nguyen caused a denture to become lodged in his mouth, and she "yanked on it and when that didn't work, used an electric dental appliance to free the denture," procedures that were "grossly negligent" and "extremely painful"; and Hoang was "vicariously liable for this battery as she enabled [Nguyen's] unauthorized practice of dentistry."

The gravamen of each of the three proposed causes of action was dental negligence. As we discussed in connection with Bui's contention that his unasserted

---

[14] Although we conclude that the proposed negligence per se claim was time-barred, we note that it is not a cause of action separate from one for negligence, but is instead a doctrine " 'creat[ing] an evidentiary presumption that affects the standard of care in a cause of action for negligence.' [Citation.]" (*Johnson v. Honeywell Internat. Inc.* (2009) 179 Cal.App.4th 549, 555.)

claims in the Complaint precluded summary judgment (see pt. I.C.1., *ante*), the UCL, battery and negligence per se claims in the proposed Second Amended Complaint are all based upon an underlying claim that Bui was injured as a result of negligence stemming from dental treatment performed by Nguyen. His claims against Hoang are founded upon her professional acts and omissions as a dentist and her affiliation with Hi-Tech. Therefore, regardless of the form of the action, the nature of the right sued upon is the determinative question. (*Hydro-Mill*, *supra*, 115 Cal.App.4th at p. 1159.) Here, the nature of the right sued upon was Bui's status as a patient, the actions taken toward him in the treatment of his dental problems, and the injuries he allegedly sustained as a result of that treatment. Bui cannot, therefore, escape the limitations provisions of section 340.5 governing dental malpractice claims by attempting to cast those claims under different forms of action. (See, e.g., *Carter*, *supra*, 198 Cal.App.4th 396, 413 [gravamen of willful misconduct claim against hospital was survivor action for professional negligence]; *Sahadi v. Scheaffer*, *supra*, 155 Cal.App.4th at pp. 714-715 [misrepresentation claim against accountants governed by statute of limitations for accounting negligence]; *Stoll v. Superior Court* (1992) 9 Cal.App.4th 1362, 1368 [breach of fiduciary duty claim against attorney governed by attorney malpractice statute of limitations].)

As we have discussed (see pt. I.C.2., *ante*), Bui's claim for dental negligence in the Complaint was barred by the applicable statute of limitations, section 340.5. Because the new claims alleged in the proposed second amended complaint were governed by the same statute and were thus also time-barred, the court did not abuse its discretion in denying the motion for leave to amend. (*Foxborough v. Van Atta*, *supra*, 26 Cal.App.4th at p. 231.)

DISPOSITION

The judgment entered on the underlying orders granting summary judgment and denying Bui's motion for leave to amend is affirmed.

                                        _____
                                                Márquez, J.

WE CONCUR:

_____
Elia, Acting P.J.

_____
Bamattre-Manoukian, J.

24